Harold G. Trabold, Esq. Counsel, Central Moriches Union Free School District
You have asked whether a conflict of interest exists when the spouse of a school board member is employed by the school district.
Your letter notes that the Center Moriches Union Free School District consists of a board of five individuals. Currently, one member of the board is the spouse of a teacher employed by the school district. An additional member of the board is the spouse of a teacher aide employed by the district. At the present time, there is a candidate for election to the board who is also the spouse of a school district teacher. You note that although the teaching faculty and the teacher aide employee associations are separate entities, there are numerous matters relating to the respective bargaining units that are interrelated; additionally, both bargaining units use the same bargaining agent.
Your question is whether there is any provision in law which would prohibit these current and potential future members of the board from acting in connection with the collective bargaining agreements or other matters concerning the terms and conditions of the employment of their spouses. Further, you ask whether the candidate for election is eligible to serve on the board.
Initially, we note that the conflict of interests provisions in article 18 of the General Municipal Law do not apply to municipal contracts "with a membership corporation or other voluntary non-profit corporation or association" (General Municipal Law, § 802 [1] [f]). In Stettine vCounty of Suffolk (66 N.Y.2d 354 [1985]), the Court of Appeals found that a collective bargaining agreement between the County of Suffolk and the Civil Service Employees Association was within the exception in General Municipal Law, § 802 (1) (f). Based on Stettine, we conclude that the collective bargaining agreement between the school district and its employees' bargaining agents is not subject to the conflict of interests provision of article 18.
Co-existent with article 18, however, are common law rules of conflict of interests which we will apply to the questions raised in your letter (see 1985 Op Atty Gen [Inf] 105).
As a general rule, we have found that a municipal officer should not participate in decisions which concern the salary or terms and conditions of the employment of his spouse who is also employed by the municipality (1986 Op Atty Gen [Inf] 82, 101; 1984 Op Atty Gen [Inf] 122). In situations where the conflicts become pervasive and substantially prevent the official from carrying out the duties of his office, we have found that recusal alone is not sufficient to cure the conflict of interests and that the official should not hold office while his or her spouse is employed by the municipality (ibid.).
An exception to this general rule is found in section 3016 of the Education Law, which permits board member's spouses (and other relatives) to serve as teachers in the school district:
 "No person who is related by blood or marriage to any member of a board of education shall be employed as a teacher by such board, except upon the consent of two-thirds of the members thereof to be determined at a board meeting and to be entered upon the proceedings of the board" (Education Law, § 3016).
This section permits the spouses of school board members to be employed as teachers in the district upon the consent of two-thirds of the board. You have informed us by telephone that the contract of employment under which the current faculty members serve was approved pursuant to a unanimous vote of the board. In our view, section 3016 permits school board members to participate in matters which affect the salary and terms and conditions of employment of their spouses. With the two-thirds vote approval, the section places no restriction on the exercise of powers by board members whose spouses are employed by the district as teachers. We believe the Legislature has determined that the board members may participate in negotiating and approving the collective bargaining agreement for teachers. To hold otherwise would permit the spouses of teachers to be board members, but prohibit them from participating in many matters affecting the employment of teachers. Such a result would, in effect, prevent the board member from substantially performing the duties of the office, a result clearly not intended by section 3016.
Finally, we note that the provisions of section 3016 are limited to the employment of teachers and do not cover employment of a board member's spouse in non-teaching positions such as that of teacher aide (see Matterof Levine, 76 St Dept Rep 41, 42 [1955]; 8 NYCRR § 80.33). Under the general conflict of interest rule stated above, the board member whose spouse is a teacher aide cannot participate in any decisions which concern the salary or terms and conditions of employment of his or her spouse (Op Atty Gen No. 87-9; 1986 Op Atty Gen [Inf] 82, 101; 1984 Op Atty Gen [Inf] 122).
We conclude that pursuant to section 3016 of the Education Law members of a board of education whose spouses are employed by the school district as teachers may act in connection with the collective bargaining agreement for those teachers. A person whose spouse is employed by a district as a teacher is eligible to serve on the board of education.